IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,

v.

JASON EDWARD HUNT

*Defendant*.

Criminal Action No. ELH-19-00302

**MEMORANDUM**

On June 11, 2026, the U.S. Probation Office ("U.S.P.O.") submitted a "Request For Early Termination" as to the supervised release of defendant Jason Hunt. ECF 197. The government opposes the request. ECF 200 ("Request"). No additional filings have been submitted, and the time to do so has expired.

No hearing is necessary. Local Rule 105.6. For the reasons stated by the government, which I adopt, and for the reasons set forth below, I shall deny the Request.

**I.**

The defendant was indicted on June 19, 2019, on a charge of conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846. ECF 1. Pursuant to a Plea Agreement (ECF 104), defendant entered a plea of guilty on August 19, 2020. ECF 103. According to the Statement of Facts in the Plea Agreement (ECF 104 at 9), between 2011 and April 23, 2019, the defendant conspired to distribute and possess with intent to distribute more than five kilograms of cocaine.

On March 25, 2022, the Court sentenced the defendant to a term of five years of imprisonment, to be followed by a period of supervised release of four years. ECF 171 (Judgment); *see also* ECF 170. Defendant's supervised release began on November 27, 2024. ECF 197.

Therefore, he has served approximately 19 of the 48 months of supervised release imposed by this Court.

In the Request, the Probation Agent advises that the defendant has "complied with all standard and special conditions." ECF 197 at 2. Among other things, the defendant has completed a substance abuse and mental health assessment, drug tests have been negative, and in May 2025, the defendant completed a gambling treatment program. Moreover, Hunt has maintained a "stable residence and full-time employment," with no further criminal infractions. Therefore, the probation agent asserts that defendant "presents no identified risk of harm to the public." *Id.*

**II.**

Supervised release is "a post-incarceration program intended 'to assist individuals in their transition to community life.'" *United States v. McLeod*, 972 F.3d 637, 641 (4th Cir. 2020) (quoting *United States v. Johnson*, 529 U.S. 53, 59 (2000)). "'[T]he primary goal [of supervised release] is to ease the defendant's transition into the community after the service of a long prison term . . . or to provide rehabilitation to a defendant who has spent a fairly short period in prison . . . but still needs supervision . . . .'" *United States v. Lewis*, 90 F.4th 288, 294 (4th Cir. 2024) (citation omitted). Supervised release "essentially amounts to a *conditional* and *partial* release" from incarceration. *Id.* (emphasis in *Lewis*).

Punishment is not "an appropriate reason" to impose supervised release. *Lewis*, 90 F.4th at 294. Rather, supervised release "fulfills rehabilitative ends, distinct from those served by incarceration." *Johnson*, 529 U.S. at 59. In imposing supervised release, the court must consider, *inter alia*, the defendant's history and characteristics and the need to deter criminal conduct. *Lewis*, 90 F.4th at 295.

The Motion implicates 18 U.S.C. § 3583(e)(1).  It provides the District Court with authority to grant early termination of supervised release if, in the court's discretion, the relief is appropriate and in the interest of justice.  It states:

> The court may, after considering the factors set forth in section 3553(a)(1),(a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) —
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]

In sum, under 18 U.S.C. § 3583(e)(1), a court, after considering the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), may terminate a defendant's term of supervised release at any time after the expiration of one year of supervision, if the Court is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." *See United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999).

> In assessing whether a defendant has met that burden, a court must consider:
>
> (1) the nature and circumstances of the offense and the defendant's history and characteristics, 18 U.S.C. § 3553(a)(1);
>
> (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, § 3553(a)(2)(B)-(D);
>
> (3) the kinds of sentence and sentencing range established for the defendant's crimes, § 3553(a)(4)(A);
>
> (4) pertinent policy statements issued by the United States Sentencing Commission, § 3553(a)(5);
>
> (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, § 3553(a)(6); and
>
> (6) the need to provide restitution to any victims of the offense, § 3553(a)(7).

Effective November 1, 2025, the U.S. Sentencing Guidelines ("Guidelines" or "U.S.S.G.") were amended as to the imposition, modification, termination, and revocation of supervised release. Of relevance here, the Amendment created a new section, U.S.S.G. § 5D1.4. Section 5D1.4(b) provides:

> (b) EARLY TERMINATION.—Any time after the expiration of one year of supervised release and after an individualized assessment of the need for ongoing supervision, the court may terminate the remaining term of supervision and discharge the defendant if the court determines, following consultation with the government and the probation officer, that the termination is warranted by the conduct of the defendant and in the interest of justice. See 18 U.S.C. § 3583(e)(1).

The Commentary includes factors that a court may want to consider in determining whether early termination is appropriate:

> (B) **Early Termination.**—When determining whether to terminate the remaining term of supervised release under subsection (b), the court may wish to consider such factors as:
>
> (i) any history of court-reported violations over the term of supervision;
>
> (ii) the ability of the defendant to lawfully self-manage (e.g., the ability to problem-solve and avoid situations that may result in a violation of a condition of supervised release or new criminal charges);
>
> (iii) the defendant's substantial compliance with all conditions of supervision;
>
> (iv) the defendant's engagement in appropriate prosocial activities and the existence or lack of prosocial support to remain lawful beyond the period of supervision;
>
> (v) a demonstrated reduction in risk level or maintenance of the lowest category of risk over the period of supervision; and
>
> (vi) whether termination will jeopardize public safety, as evidenced by the nature of the defendant's offense, the defendant's criminal history, the defendant's record while incarcerated, the defendant's efforts to reintegrate into the community and avoid recidivism, any statements or information provided by the victims of the offense, and other factors the court finds relevant.

Here, defendant committed a very serious offense. *See* 18 U.S.C. § 3553(a)(1). The Plea Agreement contains a Stipulation of Facts that sets forth the gravity of the crime. ECF 104. As the government explains, defendant engaged in "a protracted, multi-year conspiracy resulting in the distribution of over 5 kilograms of cocaine." ECF 200 at 2. Moreover, the government notes that Hunt's criminal history includes a prior conviction for conspiracy to commit murder." *Id.* (citing ECF 94).

To be sure, defendant appears to be doing well on supervised release. I join the U.S.P.O. and the government in applauding defendant's progress. But, supervision undoubtedly has helped guide defendant to the right path and to remain there. *See United States v. Buchanan*, 638 F.3d 448, 451 (4th Cir. 2011) (noting that supervised release is intended "'to improve the odds of a successful transition from the prison to liberty.'") (citation omitted).

Moreover, conduct consistent with compliance is consistent with the expectations and conditions of supervised release. *See*, *e.g.*, *United States v. Rusin*, 105 F. Supp. 3d 291, 292 (S.D. N.Y. 2015) (recognizing that "'full compliance with the terms of supervised release is what is expected of the defendant and does not warrant early termination'") (citation omitted); *Folks v. United States*, 733 F. Supp. 2d 649, 651-52 (M.D. N.C. 2010) (recognizing that although compliance with supervised release conditions is "commendable," it is "what is required . . . and is not a basis for early termination of [defendant's] supervised release"); *United States v. Guillatt*, 2005 WL 589354, *1 (E.D. Pa. 2005) ("The conduct cited by defendant is commendable. However, it is nothing more than what is required under the terms of defendant's probation."). If mere compliance with the terms of the court's supervision were sufficient to merit early termination, "the exception would swallow the rule." *Id.*; *see also United States v. Lohman*, 2007

5

WL 1430282, *1 (E.D. Wis. 2007) (holding that if simple compliance were sufficient for early termination, "every defendant who avoided revocation would be eligible for early termination").

### III.

The Court's primary focus concerns 18 U.S.C. § 3553(a)(1). As I see it, public safety weighs heavily, along with the factor of deterrence. The nature and circumstances of the underlying offense, the need to assure the safety of the public, and the need to deter any future misconduct by defendant lead me to conclude that early termination of supervision is not appropriate at this time.

Defendant has served less than half of his term of supervised release. In my view, supervision is crucial to assist defendant in maintaining his status as a law-abiding, productive member of the community. Moreover, supervised release is not unduly burdensome, particularly when I consider the gravity of the crime.

Therefore, I shall deny the Request, without prejudice to the right to renew the Request at a later time.

An Order follows.

Date:   July 16, 2026                                    /s/
                                              Ellen L. Hollander
                                              United States District Judge